

**UNITED STATES DEPARTMENT OF JUSTICE**

*William Ihlenfeld*
*United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

United States Courthouse
1125 Chapline Street, Suite 3000    Phone:  (304) 234-0100
P. O. Box 591                        FAX:    (304) 234-0111
Wheeling, WV  26003

February 24, 2022

**FILED**

APR  4 2022

U.S. DISTRICT COURT-WVND
WHEELING, WV  26003

John A. Schwab, Esq.
436 Seventh Avenue, Suite 300
Pittsburgh, PA 15219
jas@johnschwablaw.com

In re:  *United States v. Monica Danielle Goddard,* Case Number 5:22-CR-3-3

Dear Mr. Schwab:

The purpose of this letter is to extend a plea offer to your client, Monica Danielle Goddard ("Defendant"), in anticipation of her application to the Drug Court Program of the Northern District of West Virginia. It is agreed between the United States and your client as follows.

1.  The Defendant will plead guilty to Count Five of the Indictment charging her with Distribution of Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2.  The maximum penalty to which Defendant will be exposed by virtue of her plea of guilty to Count Five, as stated in paragraph 1 above is: imprisonment for a term of not more than 20 years, a fine of not more than $1,000,000, a term of at least 3 years of supervised release, and a special mandatory assessment of $100.00 (18 U.S.C. § 3013) which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.

3.  Defendant will be completely forthright and truthful with regard to all inquiries made of her and will give signed, sworn statements and testimony, including but not limited to, appearances at grand jury, trial, sentencing, and other proceedings. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

_____        March 11, 2022
Monica Danielle Goddard               _____
Defendant                              Date

_____        3-11-2022
John A. Schwab, Esq.                   _____
Counsel for Defendant                  Date

John A. Schwab, Esq., Defense Counsel
February 24, 2022
Page 2

4.  A.  Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against her as the basis for any subsequent prosecution. Defendant understands that the use immunity granted in this agreement does not cover any statements or admissions that she committed, or was directly involved in committing, a crime of violence. This means that such statements or admissions can be used against the Defendant in any state or federal prosecution. In this regard, Defendant admits that, prior to the proffer, pursuant to Miranda v. Arizona, 384 U.S. 436 (1996), she has been adequately advised and warned that any admission that she committed, or was directly involved in committing, a crime of violence is not covered by the use immunity under this agreement. It is further understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

B.  This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws she may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by her pursuant to this agreement.

C.  In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of her fulfilling the conditions of paragraph 3 above.

5.  At final disposition, the United States will advise the Court of the Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. The United States will also move to dismiss Count One of the Indictment as it pertains to the Defendant.

6.  There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B). The Defendant understands, however, that the Court is not bound

_____    _____3/11/22_____
Monica Danielle Goddard             Date
Defendant

_____    _____3-11-2022_____
John A. Schwab, Esq.                Date
Counsel for Defendant

John A. Schwab, Esq., Defense Counsel
February 24, 2022
Page 3

by these sentence recommendations, and that the Defendant has no right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

       7.      The disposition contemplated by this plea agreement is pursuant to the Drug Court Program for the Northern District of West Virginia authorized by the United States Attorney's Office for the Northern District of West Virginia and administered by the United States Probation Office. The parties agree to jointly move the Court to permit the defendant to participate in the Drug Court Program for the Northern District of West Virginia if accepted by Drug Team Members.

       8.      If the Defendant is permitted to enter and participate in the Drug Court Program for the Northern District of West Virginia, and successfully completes the program, the United States will move to dismiss all counts of the Indictment as they pertain to the Defendant.

       9.      If the Defendant is refused entry to the Drug Court Program for the Northern District of West Virginia, the Court will proceed to a sentencing hearing upon the defendant's plea of guilty to Count Five of the Indictment charging her with Distribution of Methamphetamine, and:

    A.    The United States will make the following **nonbinding** recommendations:

        i.    If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

        ii.    Should Defendant give timely and complete information about her own criminal involvement and provide timely notice of her intent to plead guilty, **and if the Defendant is eligible under the "Guidelines,"** then the United States will recommend an additional one-level reduction as provided by Guideline 3E1.1(b); and

        iii.    The United States will recommend that any sentence of incarceration imposed should be within the applicable guideline range.

    B.  Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the total amount of drug relevant conduct is **0.95 grams of "Ice."** The

_____       _3/11/22_____
Monica Danielle Goddard                      Date
Defendant

_____       _3-11-2022_____
John A. Schwab, Esq.                         Date
Counsel for Defendant

John A. Schwab, Esq., Defense Counsel
February 24, 2022
Page 4

    parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept the same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw her plea of guilty.

10.     If the Defendant is admitted to but does not successfully complete the Drug Court Program for the Northern District of West Virginia or is terminated from the program, the Court will proceed to a sentencing hearing upon the defendant's plea of guilty to Count Five of the Indictment charging her with Distribution of Methamphetamine, and:

    A.     The United States may, but is not required to, make the following **nonbinding** recommendations:

        i.     The United States may, but is not required to, recommend a two-level reduction for acceptance of responsibility under Guideline 3E1.1(a) if the Defendant accepts responsibility and may, but is not required to, recommend an additional one-level reduction as provided by Guideline 3E1.1(b) if the Defendant should give timely and complete information about her own criminal involvement and provide timely notice of her intent to plead guilty; and

        ii.     The United States will recommend that any sentence of incarceration imposed should be within the applicable guideline range.

    B.     The parties agree to the stipulation set forth in paragraph 9(B) above, understanding that the Court is not bound by that stipulation and is not required to accept same. The Defendant understands and agrees that should the Court not accept the above stipulation, the Defendant will not have the right to withdraw her plea of guilty.

11.     If, in the opinion of the United States, the Defendant either engages in conduct defined under the Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement, including providing a complete and truthful debriefing, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

_____       3/11/22
Monica Danielle Goddard                            Date
Defendant

_____       3-11-2022
John A. Schwab, Esq.                                  Date
Counsel for Defendant

John A. Schwab, Esq., Defense Counsel
February 24, 2022
Page 5

12. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding the Defendant's background, criminal record, the offenses charged in the Indictment, and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by the Defendant, or by her counsel.

13. The Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in the United States Code for the offenses of conviction.

14. The Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, if the Defendant's sentence is within the statutory maximum, then the Defendant waives the following rights:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal her conviction on any ground whatsoever. This includes a waiver of all rights to appeal her conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

   b. The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of her criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

_____        _3/11/22_____
Monica Danielle Goddard                 Date
Defendant

_____        _3-11-2022_____
John A. Schwab, Esq.                    Date
Counsel for Defendant

John A. Schwab, Esq., Defense Counsel
February 24, 2022
Page 6

    c. The Defendant waives the right to challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

    Nothing in this paragraph, however, will act as a bar to the Defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

    This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

    15. The Defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the Defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The Defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the Defendant's credit report from any major credit reporting agency prior to sentencing in order to assess her financial condition for sentencing purposes. The Defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The Defendant further agrees that any schedule of payments imposed by the Court represents the Defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the Defendant is sentenced to a period of incarceration, the Defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the Defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

_____      3/11/22
Monica Danielle Goddard               Date
Defendant

_____      3-11-2.22
John A. Schwab, Esq.                 Date
Counsel for Defendant

John A. Schwab, Esq., Defense Counsel
February 24, 2022
Page 7

In order to pay any outstanding criminal monetary penalties, the Defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from her wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The Defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

16. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation, and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

17. If the Defendant's plea is not accepted by the Court or is later set aside or if the Defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

18. The above seventeen (17) paragraphs constitute the entire agreement between the Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this agreement.**

Very truly yours,

WILLIAM IHLENFELD
United States Attorney

By: _____
Clayton J. Reid
Assistant United States Attorney

As evidenced by my signature at the bottom of the seven (7) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____      _____3/11/22_____
Monica Danielle Goddard                Date
Defendant

_____      _____3-11-2022_____
John A. Schwab, Esq.                   Date
Counsel for Defendant